**FILED**

**FEBRUARY 5, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARCIA K. MILLER,<br>WILLIAM MILLER,<br>CHARLANE YOWAYS-DAWSON, and<br>WILLIAM ANDERSON<br>on behalf of themselves and a class, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MIDLAND CREDIT MANAGEMENT,<br>INC.; MIDLAND FUNDING LLC;<br>and ENCORE CAPITAL GROUP, INC.,<br>formerly MCM CAPITAL GROUP, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**08 C 780**

**JUDGE COAR**
**MAGISTRATE JUDGE ASHMAN**

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiffs Marcia K. Miller, William Miller, Charlane Yoways-Dawson, and William Anderson bring this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc. ("MCM"); Midland Funding LLC; and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3.    Venue in this District is proper because defendants' collection communications to one of the plaintiffs and numerous class members were received in this District.

1

**PARTIES**

4.      Plaintiff Marcia K. Miller is an individual who resides in Monmouth, Illinois.

5.      Plaintiff William Miller is an individual who resides in Monmouth, Illinois.

6.      Plaintiff Charlane Yoways- Dawson is an individual who resides in Orland Hills, Illinois.

7.      Plaintiff William Anderson is an individual who resides in Des Plaines, Illinois.

8.      Defendant Midland Funding LLC is a Delaware corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123.  It does or transacts business in Illinois.

9.      Defendant Midland Funding LLC is in the business of taking title to charged-off debts allegedly owed by consumers and originally owed to others.

10.     Defendant Midland Funding LLC then seeks to enforce the debts against the consumers.

11.     Defendant Midland Funding LLC has paid an average of less than 10 cents on the dollar for the debts it has purchased.

12.     Defendant Midland Funding LLC is the plaintiff in over 3,000 collection lawsuits pending in the Illinois court during the year preceding the filing of this action.

12.     Defendant Midland Funding LLC is a "debt collector" as defined in the FDCPA.

13.     Defendant MCM is a Kansas corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123.  MCM does business in Illinois.  Its registered

2

agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

14.    Defendant MCM is a collection agency and collects the bad debts purchased by MRC.

15.    Defendant MCM holds a collection agency license from the state of Illinois.

16.    Defendant MCM is a "debt collector" as defined in the FDCPA.

17.    MCM and Midland Funding LLC are under common ownership.  Both are subsidiaries of Encore, a publicly traded Delaware corporation, with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

18.    Encore describes itself on its Web site as "a systems-driven purchaser and manager of charged-off consumer receivable portfolios."

19.    Encore (a) secures funds from investors and lenders for the purpose of purchasing the debts to which Midland Funding LLC takes title, (b) devises the collection strategies used by the other defendants, including the credit card balance transfer program described below, and (c) participated in the debt collection activities complained of.

20.    Encore is a "debt collector" as defined in the FDCPA.

## PRIVACY PROTECTIONS IN FDCPA

21.    The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt.  "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties...." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

22.    15 U.S.C. §1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> **(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

Section 1692b deals with locating debtors who cannot be found.

23.    Second, 15 U.S.C. §1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "[t]**he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title**" and the "**advertisement for sale of any debt to coerce payment of the debt.**" Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports.

24.    The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts.... A debt collector may not distribute a list of alleged debtors to its creditor subscribers." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.

25.    Section 1692e provides:

> **§ 1692e.  False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without**

4

limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

> (5)  The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

26.    Section 1692f prohibits a debt collector from communicating with consumers in a manner that allows third parties to discern the consumers owe money:

> . . . (7)  Communicating with a consumer regarding a debt by post card.

> (8)  Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .

## FACTS RELATING TO PLAINTIFFS

27.    On or about the following dates, defendant MCM, acting on behalf of Midland Funding LLC, sent plaintiffs the following collection letters, each consisting of form "LT1A" accompanied by form "MCM-109":

| Date | Plaintiff | Exhibit |
| --- | --- | --- |
| Apr. 19, 2007 | W. Miller | A |
| June 1, 2007 | M. Miller | B |
| June 24, 2007 | C. Yoways-Dawson | C |
| August 5, 2007 | W. Anderson | D |

28.    The MCM-109 form is the "privacy notice."

29.    Exhibits A-D sought to collect alleged debts incurred for personal, family or

5

household purposes and purchased by Midland Funding LLC after default.

30.    Exhibits A-D were sent on behalf of Midland Funding LLC, the owner of the debt.

31.    Exhibits A-D sought to collect alleged debts incurred for personal, family or household use.

## FDCPA VIOLATIONS RESULTING FROM DEFENDANTS' PRIVACY NOTICE

32.    The privacy notice states that defendants may disclose nonpublic personal information obtained in connection with debt collection activities to "Financial service providers, such as companies engaged in banking, consumer finance, debt purchasing and credit card issuance."

33.    Defendant Encore devised and defendants MCM and Midland Funding LLC carried out a collection strategy known as the "credit card balance transfer program," whereby debtors would be solicited for credit card accounts by financial institutions that issue credit cards. The debtors would be asked to put all or part of the amounts owed to Midland Funding LLC, and which MCM was attempting to collect, onto a new credit card to be issued by the financial institution. The credit card issuer would pay money to Midland Funding LLC or MCM and the debt would be considered satisfied, either immediately or after some payments had been made on the credit card.

34.    Actual disclosure of nonpublic financial information about debtors to a credit card issuer, including the fact that they are in default on a debt, violate 15 U.S.C. §1692c, and the statement that defendants would make such disclosures, or have the right to do so, violates 15 U.S.C. §1692e.

35.    In addition, several of the listed uses amount to the publication of lists of

persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. §1692d, and the statement that defendants will do so or have the right to do so violates 15 U.S.C. §1692e.

36.    The privacy notice then states that if the consumer wishes that defendants not disclose nonpublic personal information about you to nonaffiliated third parties, the consumer must so request. This is a misstatement of the consumer's rights under 15 U.S.C. §1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

37.    Defendants were held liable for a similar notice in *Hernandez v. Midland Credit Mgmt.*, No. 04 C 7844, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill., Mar. 6, 2007) (As amended September 25, 2007).

38.    Defendants continued making the statements held to be illegal in the above decision for months after the decision.

## CLASS ALLEGATIONS

39.    Plaintiffs bring this action on behalf of a class.

40.    The class consists of (a) all natural persons with Illinois addresses (b) to whom any of the defendants sent the MCM-109 "privacy notice," (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

41.    The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

42.    There are questions of law and fact common to the class members, which

common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "privacy notice" violates the FDCPA.

43.    Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

44.    Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

45.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible, and in any event are not sufficient to prevent defendants from obstinately continuing their violations of the law. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendants for:

a.    Statutory damages;

b.    Attorney's fees, litigation expenses and costs of suit;

c.    Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

8

## **JURY DEMAND**

Plaintiffs demand trial by jury.

_____
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)