**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARCIA K. MILLER, | ) | |
| WILLIAM MILLER, | ) | |
| CHARLANE YOWAYS-DAWSON, and | ) | |
| WILLIAM ANDERSON | ) | |
| on behalf of themselves and a class, | ) | |
| | ) | |
| Plaintiffs, | ) | 08 C 780 |
| | ) | Judge Coar |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC.; MIDLAND FUNDING LLC; | ) | |
| and ENCORE CAPITAL GROUP, INC., | ) | |
| formerly MCM CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully request that this Court enter an order determining that this Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") action may proceed as a class action against defendants Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc., formerly MCM Capital Group, Inc. ("Encore").

Plaintiffs define the class as (a) all natural persons with Illinois addresses (b) to whom any of the defendants sent the MCM-109 "privacy notice," (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

Plaintiffs further request that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiffs state:

**I.     NATURE OF THE CASE**

   1.   The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt.  "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties...."  FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

   2.   In this action, plaintiffs allege that defendants violated the FDCPA by representing in collection letters that personal information would be disclosed to third parties. The form privacy notice complained of (examples of which are attached to the complaint and hereto as Exhibits A-D) states that defendants may disclose nonpublic personal information obtained in connection with debt collection activities to "[f]inancial service providers, such as companies engaged in banking, consumer finance, debt purchasing and credit card issuance."

   3.   Defendant Encore devised and defendants MCM and Midland Funding carried out a collection strategy known as the "credit card balance transfer program," whereby debtors would be solicited for credit card accounts by financial institutions that issue credit cards.  The debtors would be asked to put all or part of the amounts owed to Midland Funding, and which MCM was attempting to collect, onto a new credit card to be issued by the financial institution.  The credit card issuer would pay money to Midland Funding or MCM and the debt would be considered satisfied, either immediately or after some payments had been made on the credit card.

   4.   Actual disclosure of nonpublic financial information about debtors to a credit card issuer, including the fact that they are in default on a debt, violate 15 U.S.C. §1692c,

and the statement that defendants would make such disclosures, or have the right to do so, violates 15 U.S.C. §1692e.

5. In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. §1692d, and the statement that defendants will do so or have the right to do so violates 15 U.S.C. §1692e.

6. The privacy notice then states that if the consumer wishes that defendants "not disclose nonpublic personal information about you to nonaffiliated third parties," the consumer must so request. This is a misstatement of the consumer's rights under 15 U.S.C. §1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

7. Defendants were held liable for a similar notice in *Hernandez v. Midland Credit Mgmt.*, 04 C 7844, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill., Mar. 6, 2007). Defendants continued making the statements held to be illegal in the *Hernandez* decision for months after the decision.

## II.   CLASS CERTIFICATION REQUIREMENTS

8. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

9. It is reasonable to infer that the number of Illinois class members exceeds the 20-40 required for numerosity from the following facts:

a. This action complains of a standard form used by defendants;

b. <u>Exhibits A-D</u> are examples of four notices sent to four different people starting from April 19, 2007 to August 5, 2007, which leads to the conclusion that every notice sent on or around this time contained the same statement with respect to the disclosure of nonpublic information to third parties.

c. Defendants are required to provide an accurate notice of their privacy and information practices upon acquisition of an account and annually thereafter by Gramm-Leach-Bliley Act, 15 U.S.C. §1680 et seq. (It should be noted that the Gramm-Leach-Bliley Act does not purport to authorize disclosures by debt collectors that violate the FDCPA.) The "privacy notice" is what defendants use for this purpose.

d. Consequently, the number of class members is equal to the number of persons in Illinois whose debts were owned by defendants.

e. It necessarily follows that the class numbers over 1,000 (probably much more).

f. The *Hernandez* class consisted of 52,000 class members. *Hernandez*, 04 C 7844 (N.D. Ill.) (Dkt. No. 190) (Plaintiff's Unopposed Motion for Preliminary Approval).

g. A class of 40 satisfies the numerosity requirement, and that is clearly the case here.

10. Plaintiffs will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

11. There are questions of law and fact common to the class, which common

questions predominate over any questions relating to individual class members.  The predominant common question is whether defendants' form document violates the FDCPA.

13. 12.    The only individual issue is the identification of the consumers who received the offending collection letters, a matter capable of ministerial determination from defendants' records.

13.    Plaintiffs' claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

14.    Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation.  (Exhibit E).

15.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    Individual actions are not economically feasible;

      b.    The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

      c.    Members of the class are likely to be unaware of their rights;

      d.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

16.    In further support of this motion, plaintiffs are submitting a memorandum of law.

WHEREFORE, plaintiffs respectfully request that this Court enter an order determining that this action may proceed as a class action.

5

        Respectfully submitted,

        s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## LIST OF EXHIBITS

A    Privacy notice sent to plaintiff William Miller.

B    Privacy notice sent to plaintiff Marcia Miller.

C    Privacy notice sent to plaintiff Charlane Yoways-Dawson.

D    Privacy notice sent to plaintiff William Anderson.

E    Declaration of Daniel A. Edelman

F    *Stewart v. Asset Acceptance LLC*, 1:04-cv-1213-LJM-VSS (S.D. Ind., Nov. 19, 2004), Order on Defendant's Motion to Dismiss, Dkt. No. 25.

G    *Stewart v. Asset Acceptance LLC*, 1:04-cv-1213-LJM-VSS (S.D. Ind., July 26, 2005), Order on Plaintiff's Motion for Class Certification, Dkt. No. 53.

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on February 13, 2008, I caused to be filed with the Clerk of the Court via the CM/ECF system the foregoing document. I further certify that I caused to be served true and accurate copies of the foregoing document via Certified Mail upon the following parties:

MIDLAND CREDIT MANAGEMENT, INC.
c/o Illinois Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703

MIDLAND FUNDING LLC
c/o Illinois Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703

ENCORE CAPITAL GROUP, INC.
8875 Aero Drive
Suite 200
San Diego, CA 92123

                                                            s/ Daniel A. Edelman
                                                            Daniel A. Edelman