# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELVIN T. STEWART, individually ) | |
| and as next friend of THELMA R. STEWART, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:04-cv-1213-LJM-VSS |
| ) | |
| ASSET ACCEPTANCE LLC, ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is now before the Court on the Defendant's Motion to Dismiss. Defendant, Asset Acceptance LLC ("Asset"), contends that plaintiff, Melvin T. Stewart, individually and as next friend of Thelma R. Stewart ("Stewart"), failed to state a claim upon which relief can be granted in his complaint. Stewart asserts that Asset violated the Fair Debt Collection Practices Act ("FDCPA") in the privacy notice attached to a collection letter he received. Asset states that the privacy notice is in compliance with the Gramm-Leach-Bliley Act, and that there has been no actual violation of the FDCPA.

For the reasons discussed herein, the Court finds that Plaintiff's complaint is sufficient to state a claim under one section of the FDCPA, 15 U.S.C. § 1692e; therefore, Asset's Motion to Dismiss is **DENIED** with respect to this claim. However, Asset's Motion to Dismiss is **GRANTED** with respect to claims under § 1692c or § 1692d.

### I. FACTS ALLEGED IN COMPLAINT

Stewart alleges that Asset is a debt collector under the FDCPA. (Compl. at ¶ 7). Asset is in the business of buying bad debts allegedly owed by consumers, including credit card debts, for

a fraction of face value and then enforcing the debts against the consumers. (Compl. at ¶ 6).

On or about December 8, 2003, Asset sent Thelma Stewart a letter that sought to collect an alleged debt incurred for personal, family, or household use. (Compl. at ¶¶ 13, 15). Melvin Stewart, Ms. Stewart's son, received the letter because he handles his mother's affairs under a power of attorney. (Compl. at ¶¶ 4, 14). The letter contained a collection demand with a notice of the privacy and information disclosure practices of Asset on the back. (Compl. at ¶ 17).

The privacy notice states "We collect nonpublic personal information about you" from "applications or other forms," "your transactions with us, prior owners of your account, our affiliates, or others," and "a consumer reporting agency." (Compl. at ¶ 18, Ex. A). The plaintiff alleges that this information is integrally related to debt collection. (Compl. at ¶19). The privacy notice then states that the information may be disclosed to third parties including "financial service providers such as credit grantors, collection agencies and debt buyers" and that Asset "may disclose nonpublic personal information about you to affiliated debt purchasers and non-affiliated third parties as permitted by law." (Compl. at ¶ 20, Ex A).

Stewart alleges that many of these disclosures would be prohibited by the FDCPA because they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Compl. at ¶ 21). Stewart contends that several of the listed uses of the nonpublic personal information would amount to publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. (Compl. at ¶ 22). Stewart argues that both activities would be a violation of the FDCPA if they were actually to occur, and Stewart alleges that Asset violates 15 U.S.C. §1692e merely in stating that it would engage in these

activities or has the right to do so. (Compl. at ¶ 21, 22). Stewart claims that inclusion of such statements in a debt collection letter amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid. (Compl. at ¶ 25).

The privacy notice contains an invitation to "opt-out" of disclosures of personal information and directs Stewart to call or mail a form to Asset "if [the consumer] prefer that we not disclose nonpublic personal information . . . to nonaffiliated third parties . . . ." (Compl. at ¶ 24, Ex. A). Plaintiff concludes that this procedure is a misstatement of consumer's rights and, therefore, a violation of 15 U.S.C. 1692e. The misstatement occurs because under 15 U.S.C. 1692c, the consumer must grant express permission directly to the debt collector before the debt may be disclosed to anyone other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." *Id.*

Stewart brings this suit as a class action on behalf of a class of people with addresses in Indiana, Illinois, or Wisconsin who received the same privacy notice. (Compl. at ¶¶ 26-27).

## II. RULE 12(B)(6) STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim is subject to dismissal for "failure to state a claim upon which relief may be granted." *United States v. Clark County, Indiana*, 113 F. Supp. 2d 1286, 1290 (S.D. Ind. 2000). When considering a motion under this rule, the Court must examine the sufficiency of plaintiff's complaint, not the merits of the lawsuit. *Id*. The Court shall accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Id*. Dismissal under Rule 12(b)(6) is proper only if the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. *Chavez v. Ill. State Police*, 251 F.3d 612,

3

648 (7th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Veazey v. Communications & Cable of Chi., Inc.*, 194 F.3d 850, 854 (7th Cir. 1999)). "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Id*. (quoting *Veazey*, 194 F.3d at 854).

Stewart attached six exhibits to his Response to Defendant's Motion to Dismiss that were not attached to the complaint. (Pl.'s Resp., Ex. A, B, C, D, E, F). Where the parties submit material outside of the pleadings, the Court is obligated to either not consider the extraneous submissions in ruling on the motion or to convert the motion to one for summary judgment and provide the parties with an opportunity to submit supplementary materials. *See Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000).

The Court declines to convert the Motion to Dismiss into a Motion for Summary Judgment, and accordingly, the exhibits attached to Plaintiff's Response and references to the exhibits in the Response are excluded from the Court's consideration.

### III. DISCUSSION

Stewart's complaint is sufficient to invoke the FDCPA, which requires that the challenged action be taken by a "debt collector" in connection with the collection of a "debt." 15 U.S.C. § 1692a. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[1] 15 U.S.C. § 1692a(6). Stewart states that Asset is a "debt

---

[1] The statutory definition of debt collector does enumerate six exceptions to the definition, however Stewart's complaint does not allege that Asset falls within any of these exceptions.

4

collector" as defined above, and that it is engaged in the business of buying bad debts allegedly owed by consumers and enforcing the debts. (Compl. at ¶ 6-7).

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Stewart states that the alleged debt was incurred by an individual for personal, family or household use. (Compl. at ¶ 15).

Finally, Stewart states that the letter which contained the privacy notice sought to collect a debt. (Compl. ¶ 15). The letter, attached to the complaint, and therefore part of the pleadings, states in bold print before the signature, "This is an attempt to collect a debt and any information obtained will be used for that purpose." (Compl., Ex. A). Stewart's complaint is sufficient to allege that the challenged action was performed in connection with the collection of a debt; the next question is whether the complaint is sufficient to state a violation of the FDCPA upon which relief could be granted.

Stewart does not allege any actual violation of 15 U.S.C. §1692c or §1692d. Asset's privacy notice states that it collects and may disclose certain nonpublic personal information to third parties including "[f]inancial service providers such as credit grantors, collection agencies and debt buyers" as well as "affiliated debt purchasers and non-affiliated third parties as permitted by law." (Compl., Ex. A.). Stewart alleges that some of these disclosures would amount to publication of a list of debtors, which is defined as "harassment" and a violation of 15 U.S.C. § 1692d. (Compl. at ¶¶ 10, 20, 22). Similarly, Stewart alleges that disclosure of personal information to some of the third parties listed in Asset's privacy notice would be a violation of 1692c, which prohibits

5

communication "in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (Compl. at ¶¶ 9, 20-21). Although Stewart alleges that "actual publication of such lists would violate 15 U.S.C. §1692d . . . " and "[a]ctual disclosures of this nature would violate 15.U.S.C. §1692c . . . ," Stewart claims no actual disclosures in violation of the FDCPA. To the extent that Stewart's complaint attempted to claim relief under 15 U.S.C. § 1692c or § 1692d, those claims are dismissed.[2]

However, Stewart says that Asset's mere assertion that it has the right to make such disclosures or publish such lists violates 15 U.S.C. §1692e.

> A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*\*\*
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> \*\*\*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Stewart highlights two of the specifically enumerated violations of this section, subsections (5) and (10). Stewart alleges two potential violations of the section: the privacy notice's assertion of the right to make third party disclosures of the consumer's nonpublic personal

---

[2] This includes Stewart's assertions in the complaint that Asset engages in the practice of selling lists of consumers who have not paid their debts to subprime credit card companies who then offer to issue a card to the consumer if they will put some or all of the unpaid debt on the card. While this may constitute a violation of §1692d, Stewart does not allege that his or his mother's names have been sold on any such list, and therefore does not state any violation of the act. Any additional claim regarding violation of §1692d is dismissed.

6

information and the privacy notice's opt-out procedure.

As mentioned above, Stewart alleges that by saying that it collects and may disclose information to certain affiliated and nonaffiliated third parties, Asset is implicitly threatening to take such action, or publish lists of consumers with debts if the consumer does not pay. Because these actions "would be" violations of the FDCPA, Stewart states that these are threats to take an action that cannot legally be taken under § 1692e(5).

Stewart also points to the "opt-out" procedure described in Asset's privacy notice as a false representation. Asset's notice states that in order to decline information sharing with nonaffiliated third parties, the debtor must call a toll free number or fill out a form at the bottom of the letter and mail it to Asset. The form has a box to check that says "I wish to exercise my rights to opt out of certain third-party information sharing, as described in this privacy notice." The form then asks for the debtor's name, phone number, and address "to change our records to accurately reflect your desire to opt out."

Stewart contends that this procedure is a misrepresentation because it is an inaccurate statement of a consumer's rights under 15 U.S.C. § 1692c:

> (b) Communication with third parties. Except as provided by § 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.[3]

Asset's notice asks a consumer to opt-out of disclosure, rather than give prior consent directly

---

[3] The exception in § 1692b refers to communication with a person other than the consumer for the purpose of acquiring information to locate the consumer, and limits the scope of such communications.

7

to the debt collector before any such disclosure could occur. In light of the clear statement on the front of the letter that it "is an attempt to collect a debt and any information obtained will be used for that purpose," and the fact that the opt-out provision asks for information from the consumer under an alleged misstatement of the consumer's rights, Stewart's complaint is sufficient to state a claim upon which relief could be granted under § 1692e(10), prohibiting the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Asset's contention that the privacy notice comports with the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 ("GLB"), is irrelevant to its Motion to Dismiss. Stewart's complaint does not allege a violation of 15 U.S.C. § 6801, but alleges that Asset violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Asset's assertions about the GLB are in the nature of an affirmative defense to Stewart's claim. "Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Britsol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). When a valid, unmistakable defense is obvious from the face of the complaint so as to render the suit frivolous, the suit can be dismissed before defendant raises the defense in its answer. *See Walker v. Thompson*, 288 F.3d 1005, 1009-1010 (7th Cir. 2002). The FDCPA provides for an affirmative defense. A debt collector is not liable if it shows "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Stewart's complaint does not admit the elements of this defense for Asset. Moreover, it is not "unmistakable" that alleged compliance with the GLB would establish that any FDCPA violation was unintentional error

8

or that Asset had any procedures in place to avoid such error.

Without getting into the merits of the case, the Court finds that the pleadings are sufficient to state a claim upon which relief could be granted under the FDCPA.

## IV. **CONCLUSION**

For the reasons discussed herein, the Court finds that plaintiff's, Melvin T. Stewart, individually and as next friend of Thelma R. Stewart, complaint is sufficient to state a claim under one section of the FDCPA, 15 U.S.C. § 1692e; therefore, Asset's Motion to Dismiss is **DENIED** with respect to this claim. However, Asset's Motion to Dismiss is **GRANTED** with respect to claims under § 1692c or §1692d.

IT IS SO ORDERED this 19th day of November, 2004.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Cathleen Maria Combs
EDELMAN, COMBS, LATTURNER LLC
ccombs@edcombs.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER LLC
courtecl@aol.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

9