# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELVIN T. STEWART, individually and </br>as next friend of THELMA R. STEWART,</br>    Plaintiff, | )</br>)</br>)</br>) | |
| vs. | ) | 1:04-cv-1213-LJM-VSS |
| | ) | |
| ASSET ACCEPTANCE, LLC,</br>    Defendant. | )</br>)</br>) | |

### ORDER ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This matter is before the Court on a Motion for Class Certification brought by Plaintiff, Mr. Melvin T. Stewart ("Melvin"), individually and as next friend of his now-deceased mother, Ms. Thelma R. Stewart ("Thelma") (collectively, "Plaintiff"), against Defendant, Asset Acceptance, LLC ("Asset"). Plaintiff has moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The issues have been fully briefed by the parties. For the reasons discussed herein, the Court **GRANTS** Plaintiff's motion.

### I.  FACTUAL BACKGROUND

Although generally a court will determine the suitability of class certification on the facts alleged in the complaint and avoid an inquiry into the merits, the Seventh Circuit has stated: "[A] judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). With that principle in mind, this Court

1

will draw upon the facts alleged in Plaintiff's complaint, the parties' briefs in this matter, and the submitted exhibits.

Plaintiff has brought this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff's claims are based on a dunning letter that is alleged to be in violation of the FDCPA, specifically § 1692e. *See* November 19, 2004, Order Granting in Part and Denying in Part Defendant's Motion to Dismiss. This standard dunning letter was sent by Asset to 58,845 residents in the state of Indiana, including Plaintiff. Def. Br. at 12. Asset sent Thelma her dunning letter on December 8, 2003. *See* Compl. Ex. A. Melvin, who at the time was acting as Thelma's power of attorney, received the letter, opened it, and promptly forwarded it to Thelma's (and now his) attorney. Pl. Reply at 4-5.

The dunning letter contains an allegedly illegal "privacy policy" that states: "We collect nonpublic personal information about you from the following sources: Information we receive about you from you on applications or other forms; Information about your transactions with us, prior owners of your account, our affiliates, or others; and Information we receive from a consumer reporting agency." Compl. Ex. A. The dunning letter also states:

> We may disclose [certain but specified kinds of] nonpublic personal information about you to the following types of third parties[:] Financial service providers such as credit grantors, collection agencies and debt buyers. We may also disclose nonpublic personal information about you to affiliated debt purchasers and nonaffiliated third parties as permitted by law. . . . If you prefer that we not disclose nonpublic personal information about you to nonaffiliated third parties, you may opt out of those disclosures [by calling or writing].

*Id.* Plaintiff asserts that many of these uses of information, if actually done, would violate the FDCPA. Pl. Br. at 6-7. In an earlier order, this Court found that Plaintiff's only permissible claim against Asset is the claim that Asset may have violated § 1692e (prohibiting false or misleading

2

representations) by stating that it would make these disclosures or that it had the right to make these disclosures. *See* November 19, 2004, Order Granting in Part and Denying in Part Defendant's Motion to Dismiss.

## II. STANDARDS

Class certification is governed by Rule 23. The burden of demonstrating that class certification is proper lies on the party moving for class certification. *See Ret. Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). To show that class certification is justified in this case, Plaintiffs first must satisfy the four requirements of Rule 23(a). *See Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000); *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997). The prerequisites of Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Once the Court determines that Plaintiff has satisfied these prerequisites, the Court must determine whether one or more of the requirements of Rule 23(b) is met. *See Williams*, 204 F.3d at 760.

Rule 23(b)(1) authorizes a class when individual actions would create a risk of inconsistent adjudications that would create incompatible standards of conduct for the party opposing the class, or adjudications with respect to individual plaintiffs would "substantially impair or impede" the ability of other class member to protect their interests. FED. R. CIV. P. 23(b)(1). Rule 23(b)(2) authorizes a class when "the party opposing the class has acted or refused to act on grounds generally

3

applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). *See also Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 897 (7th Cir. 1999). Classes certified pursuant to Rules 23(b)(1) or 23(b)(2) are not opt-out classes and notification to class members is not required. FED. R. CIV. P. 23(c)(2)(A). In contrast, Rule 23(b)(3) authorizes a class when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). A class authorized under Rule 23(b)(3) requires personal notification to its potential members, who then have the opportunity to opt out of the class litigation. FED. R. CIV. P. 23(c)(2)(B).

### III. DISCUSSION

#### A. RULE 23(a)

Taking each element in turn, the Court finds that Plaintiff meets all four requirements of Rule 23(a) for class certification.

#### 1. Numerosity

Asset does not dispute that Plaintiff's proposed class meets the numerosity requirement of Rule 23(a)(1); that is, "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). The parties estimate the class at 58,845 persons. The numerosity requirement clearly is met.

4

## 2. **Commonality and Typicality**

Asset does not concede that the Plaintiff and the putative class members share common questions of law or fact, as required by Rule 23(a)(2). A "common nucleus of operative fact" generally will satisfy the commonality requirement. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Plaintiff challenges Asset's use of standardized language in letters sent by Asset to the entire putative class. Plaintiff alleges that this standardized language violates § 1692e of the FDCPA. These allegations of standardized conduct show that the putative class members' claims present common issues of law and fact, satisfying the commonality requirement.

The typicality requirement of Rule 23(a)(3) is closely related to the issue of commonality. *Rosario*, 963 F.2d at 1018. The Plaintiff brings its claims pursuant to § 1692e of the FDCPA. Plaintiff's claims arise from an allegedly illegal course of conduct Asset took towards the entire putative class, and Plaintiff's claims are based upon the same legal theory as those of the putative class members. Hence, Plaintiff's claims are typical of the putative class, and the typicality requirement of Rule 23(a) is satisfied. *See id*; *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

Asset disputes that Plaintiff has met the commonality and typicality requirements. Asset argues that Melvin has no right to sue because the dunning letter was addressed to Thelma and not him. While the Seventh Circuit has not explicitly ruled on this issue, the vast weight of authority is against Asset. *See Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 649-50 (6th Cir. 1994) (en banc); *Flowers v. Accelerated Bureau of Collections*, No. 96 C 4003, 1997 U.S. Dist. LEXIS 3354, at *20-23 (N.D. Ill. Mar. 19, 1997); *Mantell v. Feingold & Levy*, No. 96 C 1869, 1997 U.S. Dist. LEXIS 1013, at *7 (N.D. Ill. Jan. 30, 1997); *Dolan v. Schreiber & Assoc., P.C.*, No. 01-10177, 2002

5

U.S. Dist. LEXIS 6005, at *6-8 (D. Mass. Mar. 19, 2002); *Sibersky v. Borah Goldstein, Altschuler & Schwartz, P.C.*, No. 99 cv 3227, 2000 U.S. Dist. LEXIS 14043, at *14-16 (S.D.N.Y. Sept. 28, 2000); *Riviera v. MAB Collections, Inc.*, 682 F. Supp. 174, 175 (W.D.N.Y. 1988); *West v. Cohen*, 558 F. Supp. 564, 577 (W.D. Va. 1983). In the principal case, *Wright v. Finance Service of Norwalk, Inc.*, the Sixth Circuit interpreted 15 U.S.C. § 1692k in light of an alleged § 1692e violation. *Wright*, 22 F.3d at 649-50. The Sixth Circuit stated that § 1692k grants standing under the FDCPA to any "person" affected by the allegedly illegal practice; this language includes any person who receives and opens an illegal collection letter although he or she is not the addressed debtor. *See id.* This Court is persuaded by the reasoning of this authority, and finds that Melvin, who received Thelma's allegedly illegal dunning letter while acting as her power of attorney, has standing to sue for violations of § 1692e of the FDCPA. Hence, the operative facts on which Plaintiff's claims are based are common to the putative class, and Plaintiff's legal theory is typical of the putative class's.

Asset also argues that Plaintiff has failed to demonstrate the substantive requirements of the FDCPA. Def. Br. at 6-7. However, nothing about such attack on Plaintiff's facts and theories leads this Court to believe they are atypical defenses. *Cf. J.H. Cohen & Co. v. Am. Appraisal Assoc. Inc.*, 628 F.2d 994, 999 (7th Cir. 1980) ("an arguable defense *peculiar* to the named plaintiff . . . may destroy the required typicality.") (emphasis added). Plaintiff and the putative class members present common issues of law and fact and typical claims and theories.

### 3. Adequacy of Representation

Critical to the requirement of adequacy of representation is the ability of the named plaintiff's counsel to adequately represent the class. *See Sec. of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th

Cir. 1986); *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 90 (7th Cir. 1977). Plaintiff's counsel's credentials include having argued some of the leading cases in FDCPA law and class action procedure. *See* Pl. Ex. E. at 6.

Asset attacks this element of Rule 23(a) on the same grounds that Asset attacked Plaintiff's commonality and typicality requirements, to wit, that Melvin is not a member of the defined class and therefore Melvin cannot adequately represent the class. As noted above, however, Asset's arguments are unsuccessful. As for Melvin, he has displayed adequate competence in his knowledge of this matter and in his relationship with counsel. *See* Pl. Ex. B at 70, 77-79; *Sebo v. Reubenstein*, 188 F.R.D. 310, 316 (N.D. Ill. 1999).

Based on Plaintiff's evidence, this Court is confident Plaintiff's counsel will adequately and fairly represent Plaintiff and the putative class. Because Plaintiff satisfies each requirement of Rule 23(a), the Court will examine whether class certification is proper under Rule 23(b).

### B. RULE 23(b)

A district court has three options to consider for certifying a class under Rule 23(b). *See Lemon v. Int'l Union of Operating Eng'rs*, 216 F.3d 577, 581-82 (7th Cir. 2000) (citing *Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 898-99 (7th Cir. 1999)). However, the Plaintiff seeks certification of their claims pursuant only to Rule 23(b)(3). A class should be certified under Rule 23(b)(3) if common questions of law or fact predominate over individual questions and class treatment is a superior method for adjudicating the controversy. FED. R. CIV. P. 23(b)(3). As discussed, the putative plaintiffs present common questions of law and fact; these common questions dominate over any individual questions. The putative plaintiffs' legal theories rest upon one federal

7

law—15 U.S.C. § 1692e—and it is difficult to imagine a more appropriate way to litigate 58,845 identical claims. The only question for certification is one of distribution of damages.

Asset argues that, because the FDCPA limits recovery in class actions to a total of $500,000, the individual recovery amount—assuming a maximum class and maximum damages—will be limited to between $8.50 and $35.00, which Asset argues as *de minimus* in light of the $1,000 individual return each putative class member could get if each brought suit individually. This Court disagrees. Under Rule 23(b)(3), each individual class member can opt out of the class without destroying the class and preserve his or her individual claims. Hence, any concerns that individuals could not recover their individual maximum amount are put to rest by the plain language of the Rule. FED. R. CIV. P. 23(c)(2)(B). Plaintiff's motion satisfies Rule 23(b)(3).

## IV. **CONCLUSION**

For all the foregoing reasons, Plaintiff's motion is **GRANTED**. The Court has found that the named plaintiffs satisfy the criteria of Federal Rules of Civil Procedure 23(a) and 23(b)(3) to proceed with a class action against Defendants on behalf of the following class:

(a) all natural persons with Indiana addresses,

(b) to whom Asset sent a notice in the form represented by Plaintiff's Complaint Exhibit A,

(c) on or after July 21, 2003 (one year prior to the filing of this action), and

(d) on or before August 9, 2004 (20 days after the filing of this action).

Plaintiff is hereby ordered to provide a plan and draft for notification of the class members, pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), on or before August 26, 2005.

IT IS SO ORDERED this 26th day of July, 2005.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

John D. Blythin
EDELMAN COMBS LATTURNER & GOODWIN LLC
jblythin@edcombs.com

Cathleen Maria Combs
EDELMAN COMBS LATTURNER & GOODWIN LLC
ccombs@edcombs.com

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
courtecl@aol.com

James O. Latturner
EDELMAN COMBS LATTURNER & GOODWIN LLC
jlatturner@edcombs.com

Derek Bryant Rieman
EDELMAN COMBS LATTURNER & GOODWIN LLC
drieman@edcombs.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Jennifer Wigington Weller
HINSHAW & CULBERTSON
jweller@hinshawlaw.com