IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCIA K. MILLER, <br> WILLIAM MILLER, <br> CHARLANE YOWAYS-DAWSON, and <br> WILLIAM ANDERSON <br> on behalf of themselves and a class, <br><br>  Plaintiffs, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, <br> INC.; MIDLAND FUNDING LLC; <br> and ENCORE CAPITAL GROUP, INC., <br> formerly MCM CAPITAL GROUP, INC., <br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 08 C 780 <br> Judge Coar <br> Magistrate Judge Ashman |

**REPORT OF PARTIES' PLANNING CONFERENCE**

Pursuant to this Court's Order entered on March 18, 2008, Cassandra P. Miller, representing Plaintiffs Marcia Miller, William Miller, Charlane Yoways-Dawson, and William Anderson, individually and on behalf of the putative class ("Plaintiffs"), and Jason Kuzniar, representing Defendants Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding") and Encore Capital Group, Inc., formerly MCM Capital Group, Inc. ("Encore") (collectively "Defendants") met on March 31, 2008 pursuant to Rule 26(f) to discuss:

(1)   the nature and basis of their claims and defenses;

(2)   the possibilities for a prompt settlement or resolution of this case;

(3)   to make or arrange for the disclosures required under Rule 26(a)(1); and

(4)   to develop a discovery plan.

To that end, the parties propose the following:

  **A.   The issues in this case may be simplified by taking the following steps:**

This putative class action arises out of Plaintiffs' claim alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") by representing in collection letters that personal information would be disclosed to third parties. Plaintiffs allege that actual disclosure of nonpublic financial information about debtors to a credit card issuer, including the fact that they are in default on a debt, violates 15 U.S.C. §1692c, and the statement that Defendants would make such disclosures, or have the right to do so, violates 15 U.S.C. §1692e. Defendants deny they violated the FDCPA and deny Plaintiffs are entitled to the relief sought in the Complaint or any relief whatsoever.

The parties anticipate that discovery and motions for summary judgment may simplify the issues in this case.

B.  **The following modifications to the discovery requirements of the Federal Rules of Civil procedure or Local Rules should be made in order to expedite discovery:**

N/A

C.  **Discovery will be needed in connection with the following subjects:**

1. whether there was any violation of the FDCPA as alleged in the complaint;

3. whether this action can be properly maintained as a class action under Rule 23;

4. whether common issues predominate over individual ones;

5. whether Plaintiffs are adequate class representatives;

6. whether maintaining this case as a class action is superior to other methods of adjudication.

D.  **Discovery should not be conducted in phases.**

E.  **Discovery is not likely to be contentious and management of discovery should not be referred to the Magistrate Judge.**

F.  **The parties do not unanimously consent to this matter being referred to a Magistrate Judge for final disposition.**

G.  **The parties have discussed the possibility of alternative dispute resolution and have concluded that it is premature at this stage.**

H.  **The parties have discussed the possibility of a prompt settlement or other resolution of this matter, but have concluded that settlement discussions are premature at this time.**

I.  **The Court should consider the following methods of expediting the resolution of this matter:**

Allowing the parties time to explore settlement after initial disclosures under Rule 26(a) have been made; otherwise, after sufficient discovery has taken place, the parties anticipate briefing the issue of class certification and filing dispositive motions which may substantially resolve the issues in this case prior to trial.

Dated: April 4, 2008

Respectfully submitted,

| | |
|---|---|
| Cassandra P. Miller | Jason Michael Kuzniar |
| | |
| Daniel A. Edelman | Jason Michael Kuzinar |
| Cathleen M. Combs | Wilson, Elser, Moskowitz, Edelman, & Dicker |
| James O. Latturner | 120 North LaSalle Street |
| Cassandra P. Miller | Suite 2600 |
| Edelman, Combs, Latturner & Goodwin, LLC | Chicago, Illinois  60602 |
| 120 South LaSalle Street, 18th Floor | (312) 704-0550 |
| Chicago, Illinois  60603 | (312) 704-1522 (facsimile) |
| (312) 739-4200 | Jason.Kuzniar@wilsonelser.com |
| (312) 419-0379 (facsimile) | |
| coutecl@edcombs.com | Counsel for Defendants |
| | |
| Counsel for Plaintiffs | |

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that on April 4, 2008 a copy of the foregoing document was filed electronically using the Court's CM/ECF system which will send notice to the following:

Jason Michael Kuzniar		Jason.Kuzniar@wilsonelser.com

s/ Cassandra P. Miller  
Cassandra P. Miller

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Cassandra P. Miller  
Edelman, Combs, Latturner & Goodwin, LLC  
120 South LaSalle Street, 18th Floor  
Chicago, Illinois  60603  
(312) 739-4200  
(312) 419-0379 (facsimile)  
coutecl@edcombs.com