IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCIA K. MILLER, WILLIAM MILLER, CHARLANE YOWAYS-DAWSON, and WILLIAM ANDERSON on behalf of themselves and a class,<br><br>Plaintiffs,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC; and ENCORE CAPITAL GROUP, INC., formerly MCM CAPITAL GROUP, INC.,<br><br>Defendants. | Case No.: 1:08-cv-780<br>Judge Coar<br>Magistrate Judge Ashman |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Encore Capital Group, Inc. f/k/a MCM Capital Group, Inc. ("Encore" or "Defendant"), by its undersigned attorneys, for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

**INTRODUCTION**

1. Plaintiffs Marcia K. Miller, William Miller, Charlane Yoways-Dawson, and William Anderson bring this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc. ("MCM"); Midland Funding LLC; and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**ANSWER:** Defendant admits that Plaintiffs purport to state a claim and seek relief under the FDCPA. Further answering, Defendant denies that it violated the FDCPA and denies that it engaged in any collection practices, unlawful or otherwise. Further answering, Defendant denies that Plaintiffs are entitled to the relief sought in the Complaint or any relief whatsoever from

Defendant. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

**ANSWER:**   Defendant admits that the Court has jurisdiction over this action.

3.   Venue in this District is proper because defendants' collection communications to one of the plaintiffs and numerous class members were received in this District.

**ANSWER:**   Upon information and belief, Defendant admits that Defendant Midland Credit Management, Inc. sent letters into this District, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that such letters were received in this District and, therefore, neither admits nor denies the same. Further answering, Defendant denies that it sent any collection letters. Further answering, Defendant states that arbitration may be the more appropriate venue in which to bring this action as Defendant may possess certain rights to move this action to arbitration based on contracts entered into by Plaintiffs.

## PARTIES

4.   Plaintiff Marcia K. Miller is an individual who resides in Monmouth, Illinois.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

5.   Plaintiff William Miller is an individual who resides in Monmouth, Illinois.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

471551.1

  6.  Plaintiff Charlane Yoways-Dawson is an individual who resides in Orland Hills, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

  7.  Plaintiff William Anderson is an individual who resides in Des Plaines, Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

  8.  Defendant Midland Funding LLC is a Delaware corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. It does or transacts business in Illinois.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in the first sentence of this paragraph. Further answering, upon information and belief, Defendant denies that Defendant Midland Funding LLC does or transacts business in Illinois.

  9.  Defendant Midland Funding LLC is in the business of taking title to charged-off debts allegedly owed by consumers and originally owed to others.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in this paragraph.

  10.  Defendant Midland Funding LLC then seeks to enforce the debts against the consumers.

**ANSWER:** Upon information and belief, Defendant denies the allegations contained in this paragraph.

  11.  Defendant Midland Funding LLC has paid an average of less than 10 cents on the dollar for the debts it has purchased.

471551.1

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

12. Defendant Midland Funding LLC is the plaintiff in over 3,000 collection lawsuits pending in the Illinois court during the year preceding the filing of this action.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

12-[*sic*] Defendant Midland Funding LLC is a "debt collector" as defined in the FDCPA.

**ANSWER:** Upon information and belief, Defendant admits that Defendant Midland Funding LLC may be considered a debt collector, as defined by the FDCPA, for some purposes. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Midland Funding LLC was acting as a debt collector, as defined by the FDCPA, with respect to Plaintiffs and, therefore, neither admits nor denies the same. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

13. Defendant MCM is a Kansas corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. MCM does business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in the first sentence of this paragraph. Further answering, upon information and belief, Defendant admits that Defendant Midland Credit Management, Inc. does business in Illinois but only and exclusively through the means of interstate commerce. Further answering, upon information and belief, Defendant denies that it has an office in Illinois.

14.     Defendant MCM is a collection agency and collects the bad debts purchased by MRC.

**ANSWER:**    Upon information and belief, Defendant admits that Defendant Midland Credit Management, Inc. is a debt collector for debts purchased by its affiliates. Further answering, Defendant states that "bad debts" and "MRC" are undefined and vague terms and, therefore, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and neither admits nor denies the same.

15.     Defendant MCM holds a collection agency license from the state of Illinois.

**ANSWER:**    Upon information and belief, Defendant admits the allegations contained in this paragraph.

16.     Defendant MCM is a "debt collector" as defined in the FDCPA.

**ANSWER:**    Upon information and belief, Defendant admits that Defendant Midland Credit Management, Inc. may be considered a debt collector, as defined by the FDCPA, for some purposes. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Defendant Midland Credit Management, Inc. was acting as a debt collector, as defined by the FDCPA, with respect to Plaintiffs and, therefore, neither admits nor denies the same. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

17.     MCM and Midland Funding LLC are under common ownership. Both are subsidiaries of Encore, a publicly traded Delaware corporation, with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

**ANSWER:**    Defendant admits the allegations contained in this paragraph.

18.     Encore describes itself on its Web site as "a systems-driven purchaser and manager of charged-off consumer receivable portfolios."

5

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, neither admits nor denies the same.

19. Encore (a) secures funds from investors and lenders for the purpose of purchasing the debts to which Midland Funding LLC takes title, (b) devises the collection strategies used by the other defendants, including the credit card balance transfer program described below, and (c) participated in the debt collection activities complained of.

**ANSWER:** Defendant admits that it secures funds from investors and lenders for the purpose of purchasing the debts to which Defendant Midland Funding LLC takes title. Further answering, Defendant denies the remaining allegations contained in this paragraph.

20. Encore is a "debt collector" as defined in the FDCPA.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

## PRIVACY PROTECTIONS IN FDCPA

21. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties.... " FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

**ANSWER:** Defendant admits that Plaintiffs purport to recite a portion of the FTC Official Staff Commentary on the Fair Debt Collection Practices Act, but denies Plaintiffs' characterization of the Act.

22. 15 U.S.C.. §1692c(b) contains a general prohibition against debt collectors communicating with third parties:

> **(b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if**

6

> otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

Section 1692b deals with locating debtors who cannot be found.

**ANSWER:** Defendant admits that Plaintiffs purport to recite §1692c(b) and to characterize that provision.

23. Second, 15 U.S.C. §1692d(3) and (4) defines as "harassment" and a violation of the FDCPA "**[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title**" and the "**advertisement for sale of any debt to coerce payment of the debt**." Section 1681a(f) is the Fair Credit Reporting Act definition of consumer reporting agency. Section 1681b(3) is a Fair Credit Reporting Act provision dealing with use of consumer reports.

**ANSWER:** Defendant admits that Plaintiffs purport to recite §1692d(3) and (4). Defendant denies that Plaintiffs accurately characterize or paraphrase those provisions.

24. The Federal Trade Commission has interpreted these provisions to bar publication to one or more persons: "Debt collectors may not exchange lists of consumers who allegedly refuse to pay their debts.... A debt collector may not distribute a list of alleged debtors to its creditor subscribers." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50105.

**ANSWER:** Defendant admits that Plaintiffs purport to recite a portion of the FTC Official Staff Commentary on the Fair Debt Collection Practices Act, but denies Plaintiffs' characterization of the Act.

25. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...**
>
> > **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken....**

> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

**ANSWER:** Defendant admits that Plaintiffs purport to recite a portion of §1692e.

26.     Section 1692f prohibits a debt collector from communicating with consumers in a manner that allows third parties to discern the consumers owe money:

> **... (7) Communicating with a consumer regarding a debt by post card.**
>
> **(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business ....**

**ANSWER:** Defendant admits that Plaintiffs purport to recite a portion of §1692f. Further answering, Defendant denies the remaining allegations contained in this paragraph.

## FACTS RELATING TO PLAINTIFFS

27.     On or about the following dates, defendant MCM, acting on behalf of Midland Funding LLC, sent plaintiffs the following collection letters, each consisting of form "LT1A" accompanied by form "MCM-109":

| Date | Plaintiff | Exhibit |
| --- | --- | --- |
| Apr. 19, 2007 | W. Miller | A |
| June 1, 2007 | M. Miller | B |
| June 24, 2007 | C. Yoways-Dawson | C |
| August 5, 2007 | W. Anderson | D |

**ANSWER:** Defendant admits that Exhibits A through D are written documents that speak for themselves and, therefore, denies any and all allegations contained in this paragraph that are contrary to the terms of those writings. Further answering, Defendant denies that the referenced "MCM-109" form included in Exhibits A through D is a debt collection letter. Further answering, Defendant denies the remaining allegations contained in this paragraph.

28.     The MCM-109 form is the "privacy notice."

**ANSWER:**    Defendant admits that the referenced "MCM-109" form is a written document that speaks for itself and, therefore, denies any and all allegations contained in this paragraph that are contrary to the terms of that writing.

29.    Exhibits A-D sought to collect alleged debts incurred for personal, family or household purposes and purchased by Midland Funding LLC after default.

**ANSWER:**    Defendant denies that the "MCM-109" form included in Exhibits A through D sought to collect debts from Plaintiffs.  Further answering, Defendant admits that the letters included in Exhibits A through D, specifically the April 19, 2007 letter addressed to William Miller, the June 1, 2007 letter addressed to Marcia K. Miller, the June 24, 2007 letter addressed to Charlane Yoways, and the August 5, 2007 letter addressed to William R. Anderson, sought to collect on the debts referenced therein.  Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, neither admits nor denies the same.

30.    Exhibits A-D were sent on behalf of Midland Funding LLC, the owner of the debt.

**ANSWER:**    Defendant admits that Defendant Midland Funding LLC was the owner of the debts referenced in the letters included in Exhibits A through D.  Further answering, Defendant admits that Defendant Midland Credit Management, Inc., as servicer of the debts referenced, sent the letters included in Exhibits A through D.  Further answering, Defendant denies the remaining allegations contained in this paragraph.

31.    Exhibits A-D sought to collect alleged debts incurred for personal, family or household use.

**ANSWER:**    Defendant denies that the "MCM-109" form included in Exhibits A through D sought to collect debts from Plaintiffs.  Further answering, Defendant admits that the letters included in Exhibits A through D, specifically the April 19, 2007 letter addressed to William

9

471551.1

Miller, the June 1, 2007 letter addressed to Marcia K. Miller, the June 24, 2007 letter addressed to Charlane Yoways, and the August 5, 2007 letter addressed to William R. Anderson, sought to collect on the debts referenced therein. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, neither admits nor denies the same.

### FDCPA VIOLATIONS RESULTING FROM DEFENDANTS' PRIVACY NOTICE

32.    The privacy notice states that defendants may disclose nonpublic personal information obtained in connection with debt collection activities to "Financial service providers, such as companies engaged in banking, consumer finance, debt purchasing and credit card issuance."

**ANSWER:**    Defendant denies that the referenced "privacy notice" states that defendants may disclose nonpublic personal information obtained in connection with debt collection activities. Further answering, Defendant admits that the "MCM-109" form included in Exhibits A through D is a written document that speaks for itself and, therefore, denies any and all allegations contained in this paragraph that are contrary to the terms of that writing.

33.    Defendant Encore devised and defendants MCM and Midland Funding LLC carried out a collection strategy known as the "credit card balance transfer program," whereby debtors would be solicited for credit card accounts by financial institutions that issue credit cards. The debtors would be asked to put all or part of the amounts owed to Midland Funding LLC, and which MCM was attempting to collect, onto a new credit card to be issued by the financial institution. The credit card issuer would pay money to Midland Funding LLC or MCM and the debt would be considered satisfied, either immediately or after some payments had been made on the credit card.

**ANSWER:**    Defendant admits that Defendant Midland Credit Management, Inc. participated in a "credit card balance transfer program," whereby debtors would be solicited for credit card accounts by financial institutions that issue credit cards. Further answering, Defendant admits that the credit card issuer would pay money to Defendant Midland Credit Management, Inc. and the debt would be considered satisfied after the debtor made his or her first payment on the credit

10

card.  Further answering, Defendant denies the remaining allegations contained in this paragraph and any and all allegations that are contrary to the foregoing.

34.  Actual disclosure of nonpublic financial information about debtors to a credit card issuer, including the fact that they are in default on a debt, violate 15 U.S.C. § 1692c, and the statement that defendants would make such disclosures, or have the right to do so, violates 15 U.S.C. § 1692e.

**ANSWER:**  Defendant states that the allegations contained in this paragraph are legal conclusions to which no response is required.  Further answering, to the extent that a response is required, Defendant denies the allegations contained in this paragraph.

35.  In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. §1692d, and the statement that defendants will do so or have the right to do so violates 15 U. S. C. § 1692e.

**ANSWER:**  Defendant denies the allegations contained in the first sentence of this paragraph. Further answering, Defendant states that the allegations contained in the second sentence of this paragraph are legal conclusions to which no response is required.  Further answering, to the extent that a response is required, Defendant denies the allegations contained in the second sentence of this paragraph.  Further answering, Defendant denies any alleged violation of the FDCPA.

36.  The privacy notice then states that if the consumer wishes that defendants not disclose nonpublic personal information about you to nonaffiliated third parties, the consumer must so request. This is a misstatement of the consumer's rights under 15 U.S.C. § 1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**ANSWER:**  Defendant states that the referenced "privacy notice" is a written document that speaks for itself and, therefore, denies any and all allegations contained in the first sentence of this paragraph that are contrary to the terms of that writing.  Further answering, the allegations contained in the second sentence of this paragraph are legal conclusions to which no response is

11

471551.1

required.  Further answering, to the extent that a response is required, Defendant denies the allegations contained in the second sentence of this paragraph. Further answering, Defendant denies any alleged violation of the FDCPA.

37.    Defendants were held liable for a similar notice in *Hernandez v. Midland Credit Mgmt.*, No. 04 C 7844, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill., Mar. 6, 2007) (As amended September 25, 2007).

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

38.    Defendants continued making the statements held to be illegal in the above decision for months after the decision.

**ANSWER:**    Defendant denies the allegations contained in this paragraph.

## CLASS ALLEGATIONS

39.    Plaintiffs bring this action on behalf of a class.

**ANSWER:**    Defendant admits that Plaintiffs purport to bring this action on behalf of a class, but denies that a class exists or that one should be certified.

40.    The class consists of (a) all natural persons with Illinois addresses (b) to whom any of the defendants sent the MCM-109 "privacy notice," (c) on or after a date one year prior to the filing of this action, and (d) on or before a date 20 days after the filing of this action.

**ANSWER:**    Defendant admits that Plaintiffs purport to bring this action on behalf of a class, but denies that a class exists or that one should be certified.  Further answering, Defendant denies the remaining allegations contained in this paragraph.

41.    The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

**ANSWER:**    Defendant admits that Plaintiffs purport to bring this action on behalf of a class, but denies that a class exists or that one should be certified.  Further answering, Defendant denies the remaining allegations contained in this paragraph.

42.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "privacy notice" violates the FDCPA.

**ANSWER:** Defendant admits that Plaintiffs purport to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

43. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:** Defendant admits that Plaintiffs purport to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

44. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:** Defendant admits that Plaintiffs purport to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs will fairly and adequately represent the interests of the class members and, therefore, neither admits nor denies the same. Further answering, Defendant admits that Plaintiffs' counsel is experienced in class actions and FDCPA litigation, but is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs' counsel is adequate counsel to litigate the present purported class action. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible, and in any event are not sufficient to prevent defendants from obstinately continuing their violations of the law. Many debtors may not realize that their rights are violated.

471551.1

**ANSWER:** Defendant admits that Plaintiffs purport to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendant and against Plaintiffs, and that this Court award to Defendants such further and other relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, because the privacy notice at issue does not contain false or misleading statements.

2. Plaintiffs fail to state a cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, because Defendant did not engage in any debt collection activities.

3. Plaintiffs fail to state a cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, because Defendant is not a debt collector as defined by the Act.

4. Assuming Defendant's alleged acts or omissions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and Defendant is found to be a debt collector as defined by the Act, both of which Defendant denies, any violation of the Act was not intentional and resulted from a *bona fide* error under 15 U.S.C. § 1692k(c).

5. Upon information and belief, arbitration is the more appropriate venue for Plaintiffs' claims to be brought, because Defendant may possess certain arbitration rights based on contracts entered into by one or more of the Plaintiffs.

471551.1

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendant and against Plaintiffs, and that this Court award to Defendants such further and other relief as this Court deems just and appropriate.

Respectfully submitted,

**Encore Capital Group, Inc. f/k/a MCM Capital Group, Inc., Defendant**

By: */s/ Jason M. Kuzniar*_____
  One of its attorneys

Daniel J. McMahon, Esq.
Jason M. Kuzniar, Esq.
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER, LLP
120 North LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 704-0550

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the 4th day of April 2008, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that a true and correct copy was served on the following by CM/ECF Electronic Notification:

| | |
|---|---|
| Cathleen M. Combs, Esq. (ccombs@edcombs.com) | Cassandra P. Miller, Esq. (cmiller@edcombs.com) |
| Daniel A. Edelman, Esq. (courtecl@edcombs.com) | James O. Latturner, Esq. (jlatturner@edcombs.com) |

  */s/ Jason M. Kuzniar* _____
  Jason M. Kuzniar

471551.1