IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCIA K. MILLER, | ) | |
| WILLIAM MILLER, | ) | |
| CHARLANE YOWAYS-DAWSON, and | ) | |
| WILLIAM ANDERSON | ) | |
| on behalf of themselves and a class, | ) | |
| | ) | |
| Plaintiffs, | ) | 08 C 780 |
| | ) | Judge Coar |
| v. | ) | Magistrate Judge Ashman |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC.; MIDLAND FUNDING LLC; | ) | |
| and ENCORE CAPITAL GROUP, INC., | ) | |
| formerly MCM CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION

Plaintiffs respectfully request that this Court enter an order determining that this Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") action may proceed as a class action against defendants Midland Credit Management, Inc. ("MCM"), Midland Funding LLC ("Midland Funding"), and Encore Capital Group, Inc., formerly MCM Capital Group, Inc. ("Encore").

Plaintiffs define the class as (a) all natural persons with Illinois addresses (b) to whom any of the defendants sent the MCM-109 "privacy notice," (c) on or after February 5, 2007 (one year prior to the filing of this action), and (d) on or before February 25, 2008 (20 days after the filing of this action).

Defendants were held liable for a similar notice in *Hernandez v. Midland Credit Mgmt.*, 04 C 7844, 2007 U.S. Dist. LEXIS 16054 (N.D. Ill., Mar. 6, 2007). Defendants

1

continued making the statements held to be illegal in the *Hernandez* decision for months after the decision.

Plaintiffs further request that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiffs state:

I.  **NATURE OF THE CASE**

1. The FDCPA contains a number of provisions that prevent debt collectors from informing third parties that a given individual owes a debt. "[T]he FDCPA generally protects the consumer's privacy by limiting debt collector communications about personal affairs to third parties...." FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (Dec. 13, 1988), at 50103.

2. In this action, plaintiffs allege that defendants violated the FDCPA by representing in collection letters that personal information would be disclosed to third parties. The form privacy notice complained of (examples of which are attached to the complaint and hereto as Exhibits A-D) states that defendants may disclose nonpublic personal information obtained in connection with debt collection activities to "[f]inancial service providers, such as companies engaged in banking, consumer finance, debt purchasing and credit card issuance."

3. Defendant Encore devised and defendants MCM and Midland Funding carried out a collection strategy known as the "credit card balance transfer program," whereby debtors would be solicited for credit card accounts by financial institutions that issue credit cards. The debtors would be asked to put all or part of the amounts owed to Midland Funding, and which MCM was attempting to collect, onto a new credit card to be issued by the financial

institution. The credit card issuer would pay money to Midland Funding or MCM and the debt would be considered satisfied, either immediately or after some payments had been made on the credit card.

4.   Actual disclosure of nonpublic financial information about debtors to a credit card issuer, including the fact that they are in default on a debt, violates 15 U.S.C. §1692c, and the statement that defendants would make such disclosures, or have the right to do so, violates 15 U.S.C. §1692e.

5.   In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. §1692d, and the statement that defendants will do so or have the right to do so violates 15 U.S.C. §1692e.

6.   The privacy notice then states that if the consumer wishes that defendants "not disclose nonpublic personal information about you to nonaffiliated third parties," the consumer must so request. This is a misstatement of the consumer's rights under 15 U.S.C. §1692c, which requires that the consumer grant express permission directly to the debt collector before the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

## II.   CLASS CERTIFICATION REQUIREMENTS

7.   All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

8.   Defendants have indicated that there are at least 50,000 individuals with

Illinois addresses to whom any of the defendants sent the MCM-109 "privacy notice," on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

  9. A class of 40 satisfies the numerosity requirement, and that is clearly the case here.

  10. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' form document violates the FDCPA.

  11. The only individual issue is the identification of the consumers who received the offending collection letters, a matter capable of ministerial determination from defendants' records.

  12. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

  13. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation. (Exhibit E).

  14. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

   c. Members of the class are likely to be unaware of their rights;

   d. Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

15. In further support of this motion, plaintiffs are submitting a memorandum of law.

WHEREFORE, plaintiffs respectfully request that this Court enter an order determining that this action may proceed as a class action.

                                            Respectfully submitted,

                                            s/ Cassandra P. Miller
                                            Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## LIST OF EXHIBITS

A. Privacy notice sent to plaintiff William Miller.

B. Privacy notice sent to plaintiff Marcia Miller.

C. Privacy notice sent to plaintiff Charlane Yoways-Dawson.

D. Privacy notice sent to plaintiff William Anderson.

E. Declaration of Daniel A. Edelman

F. *Ruth v. Triumph Partnerships, LLC,* No. 06 C 50042 (N.D. Ill.) (Dkt. No. 81)

G. *Stewart v. Asset Acceptance LLC*, 1:04-cv-1213-LJM-VSS (S.D. Ind., Nov. 19, 2004), Order on Defendant's Motion to Dismiss, Dkt. No. 25.

H. *Stewart v. Asset Acceptance LLC*, 1:04-cv-1213-LJM-VSS (S.D. Ind., July 26, 2005), Order on Plaintiff's Motion for Class Certification, Dkt. No. 53.

**CERTIFICATE OF SERVICE**

  I, Cassandra P. Miller, hereby certify that on September 12, 2008, a copy of the foregoing PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION was filed electronically using the Court's CM/ECF system, which will notify the following:

Jason Michael Kuzniar (Jason.Kuzniar@wilsonelser.com)
Wilson, Elser, Moskowitz, Edelman & Dicker
120 North LaSalle Street
Suite 2600
Chicago, IL 60602
(312) 704-0550
Fax: (312) 704-1522

               s/ Cassandra P. Miller
               Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)