**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MARCIA K. MILLER, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | No.  08 CV 780 |
| v. ) | |
| ) | **Judge Coar** |
| **MIDLAND CREDIT MANAGEMENT,** ) | **Magistrate Judge Ashman** |
| **INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Marcia K. Miller, William Miller, Charlane Yoways-Dawson, and William Anderson ("Plaintiffs") bring this cause of action against Defendants Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc., formerly MCM Capital Group, Inc., alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Plaintiffs now move for class certification pursuant to Fed. R. Civ. P. 23.  For the reasons stated below, Plaintiffs' motion for class certification is GRANTED.

## BACKGROUND

The core of this dispute is simple.  Plaintiffs allege that Defendants sent Plaintiffs debt collection letters, each consisting of two forms, including Form MCM-109, a document titled "Privacy Notice."  Compl. ¶ 27.  The privacy notice stated that Defendants may disclose nonpublic personal information obtained in connection with debt collection activities to "Financial service providers, such as companies engaged in banking, consumer finance, debt purchasing and credit card issuance."  *Id.* at ¶ 32.  Plaintiffs allege that the privacy notice violated 15 U.S.C. § 1692c-e because actual disclosure of nonpublic financial information about

1

debtors to credit card issuers, statements that Defendants would make such disclosures, and publication of lists of persons who have allegedly refused to pay debts are illegal under the FDCPA. *Id.* at ¶ 34-35; Pls.' Renewed Mot. for Class Cert. 3. Defendants dispute that its privacy notice violated those sections of the FDCPA.

Plaintiffs now seek to certify as a class "(a) all natural persons with Cook County addresses (b) to whom any of the defendants sent the MCM-109 "privacy notice," (c) on or after February 2007 (one year prior to the filing of this action), and (d) on or before February 25, 2008 (20 days after the filing of this action)." Pls.' Reply in Support of Their Renewed Mot. for Class Cert. 1. Defendants oppose class certification.

## STANDARD

Rule 23 of the Federal Rules of Civil Procedure sets forth the relevant standards for maintaining class action suits in federal court. Under Rule 23(a), a proposed class must satisfy four conditions before a court will grant certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition, the Plaintiff must satisfy Rule 23(b), which offers only three potential bases for a valid class action. *See* Fed.R.Civ.P. 23(b). Plaintiffs seek certification under Rule 23(b)(3), which authorizes class actions where the "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The burden of proof on a motion for class certification rests with the Plaintiff. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 162, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

## ANALYSIS

2

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Although there is no "magic number" of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable. *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1969). The proposed class has 135,571 individuals, and there is no objection by Defendants as to numerosity. Numerosity is satisfied.

### B. Commonality

Under Rule 23(a)(2), there must be a question of law or fact common to the class. Rule 23(b)(3), discussed below, more stringently requires that the common questions of law or fact predominate over questions pertaining to individual class members. Commonality generally exists when the defendant has engaged in "standardized conduct" towards the members of the proposed class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 2006 WL 715788, at *4 (N.D. Ill. Mar. 22, 2006). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). In the present case, the "common nucleus of operative fact" is the identical privacy notice that Defendants allegedly sent to all putative plaintiffs. The principle legal question is whether the privacy notices violated the FDCPA. The Defendant raises no challenge to commonality. Commonality is satisfied.

### C. Typicality

A plaintiff's claim is typical of a proposed class if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based

3

on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cit. 1983). Further, "factual distinctions between the claims of the named class members and those of other class members" do not necessarily defeat a finding of typicality. *Id.* at 233. The issue instead turns on whether the plaintiff's claims "have the same essential characteristics" as those of the proposed class members. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 599 (7th Cir. 1993). As discussed above, the members of the putative class all allegedly received the same privacy notice from Defendants. Defendant raises no objections. Typicality is satisfied.

### D. Adequacy of Representation

Rule 23(a)(4) requires that the named plaintiff "fairly and adequately protect the interests of the class." The plaintiff must not have claims antagonistic to or in conflict with those of other class members, and must have sufficient interest in the case's outcome to be a vigorous advocate. *See Chapman v. Worldwide Asset Mgmt.*, L.L.C., 2005 WL 2171168, at *4 (N.D.Ill. Aug. 30, 2005). A second consideration in determining adequacy of representation is whether plaintiff's counsel is qualified, experienced, and able to conduct the proposed litigation. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

Defendant challenges the adequacy of Plaintiffs' counsel, claiming that Plaintiffs have offered "no evidence whatsoever to demonstrate '[a]n understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery.'" Defs.' Resp. to Mot. for Class Cert. 10 (quoting *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 394 (N.D. Ill. 2006) (citations omitted)). This is an exaggeration. Exhibit E to Plaintiffs' motion for class certification is the affidavit of Daniel A. Edelman, a principal attorney at Edelman, Combs, Latturner & Goodwin, LLC, a small Chicago law firm specializing

4

in consumer credit, debt collection, FDCPA, predatory lending practices, and class action litigation. Nothing about counsel's conduct during the course of this litigation suggests that it would be inadequate as class counsel. The adequacy of representation is satisfied.

### E. 23(b)(3)

Under Rule 23(b)(3), a plaintiff must show that common questions of law or fact predominate over individual questions, and "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997). "The matters pertinent to the finding [under Rule 23(b)(3)] include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3). The predominance inquiry is significantly more demanding than the commonality requirement of Rule 23(a)(2). *Amchem Prods.*, 521 U.S. at 623-24. If individual issues predominate over common questions, then a class action generally is not a superior method for resolving the controversy because managing the disparate issues involved will be inefficient. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001).

Defendants do not dispute predominance. Instead, Defendants object to class certification on the grounds that Plaintiff is unable to satisfy the superiority requirement of Rule 23(b)(3). Defendants deny the superiority of class action over other methods of adjudication, because the only possible recovery for the putative plaintiffs would be *de minimis* in nature. Under the Fair Debt Collection Practices Act, in a class action "the total recovery shall not exceed the lesser of $500,000 or 1 per centrum of net worth of the debt collector. 15 U.S.C. §1692k(2)(B).[1]

Defendants argue that a *de minimis* recovery would warrant denying class certification, since it is not superior to other possible methods of fair and efficient adjudication. Defendants cite to several cases, arguing that a *de minimis* recovery would bar class certification. Defendants cite to *Jones v. CBE Group, Inc.*, where it was held that *de minimis* did not satisfy the superiority requirement, in part because other Rule 23 factors were not met. 215 F.R.D. 558, 569 (D. Minn. 2003). *Jones* specifically distinguishes itself from *Egge v. Healthspan Services Co.*, where all other Rule 23 factors fell in favor of class certification and actual damages accompanied statutory damages. 208 F.R.D. 265 (D. Minn. 2002). In *Egge*, class certification was granted despite a 21 cents individual statutory recovery. *Id*. Defendants also cite to *Sonmore v. CheckRite Recovery Servs.*, where the district court denied class certification because of *de minimis* recovery. 206 F.R.D. 257 (D. Minn. 2001). In *Sonmore*, the court found that even if the net worth of the defendant was as much as the plaintiff claimed, recovery would still be *de minimis,* and other factors did not favor class certification. *Id*. However, the Seventh Circuit

---

[1] Plaintiffs filed this motion initially seeking to include as class members all Illinois recipients of Defendants' privacy notice, or 200,440 people. In its reply brief, it redefined the class to include only those recipients of the privacy notice residing in Cook County, or 135,571 people. If the class is defined as the former, maximum recovery for each plaintiff is $2.49. If defined as the latter, the maximum recovery is $3.69.

6

has stated that a *de minimis* recovery does not automatically bar a class action. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Id.* Further, the Seventh Circuit has noted that "the FDCPA allows for individual recoveries of up to $1000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives." *Id.* Thus, a *de minimis* recovery does not automatically bar class action as a superior method of adjudication. Plaintiffs have met the requirements of Rule 23(b)(3).

    **F. Merits Analysis**

Finally, Defendants argue that class certification is inappropriate because the underlying claims are meritless. This argument is clearly flawed. The Seventh Circuit has instructed that "the propriety of class certification should not turn on the likelihood of success on the merits." *Payton v. County of Kane*, 308 F.3d 673, 677 (7th Cir. 2002) ("It is a different matter if the proposed named plaintiff loses on the merits prior to certification, but we do not have that situation here yet."). It is not at all certain that Plaintiffs' claims are meritless; that matter is yet to be decided and will be decided at summary judgment or at trial, not at the class certification stage.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for class certification is granted for the class of 135,571 individuals with Cook County addresses who allegedly received the privacy notice from Defendants.

Enter:

                                              /s/ David H. Coar
                                              David H. Coar
                                              United States District Judge

**Dated:** March 2, 2009