# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARCIA K. MILLER, | ) | |
| WILLIAM MILLER, | ) | |
| CHARLANE YOWAYS-DAWSON, and | ) | |
| WILLIAM ANDERSON | ) | |
| on behalf of themselves and a class, | ) | |
| | ) | |
| Plaintiffs, | ) | 08 C 780 |
| | ) | Magistrate Judge Ashman |
| v. | ) | |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC.; MIDLAND FUNDING LLC; | ) | |
| and ENCORE CAPITAL GROUP, INC., | ) | |
| formerly MCM CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PRELIMINARY APPROVAL ORDER

This matter, coming before the Court on Plaintiffs' request for preliminary

approval of a Class Settlement Agreement ("Agreement,") and notice to the class (attached as

Exhibit B to the Motion),   the Court being fully advised of the issues, IT IS HEREBY

ORDERED:

1.     Plaintiffs' Motion for Preliminary Approval of Class Action Settlement

Agreement and Notice to the Class (the "Motion") is hereby GRANTED.

2.     The Court finds that the proposed settlement set forth in the Settlement

Agreement attached to the Motion is within the range of fairness and reasonableness and grants

preliminary approval to it.

3.     The Court has previously certified a class in *Miller v. Midland Credit*

*Management, Inc.,* Case No. 08 C 780.  The Court conditionally certifies the following modified

1

class, for settlement purposes as follows:

> (a) all natural persons with Cook County addresses to whom any of the defendants sent a "privacy notice" between February 5, 2007 and February 25, 2008 or between August 28, 2008 and September 28, 2009, and/or (b) all natural persons with Illinois addresses, other than Cook County, to whom any of the defendants sent a "privacy notice" between August 28, 2008 and September 28, 2009, and/or (c) all natural persons with Connecticut addresses to whom any of the defendants sent a "privacy notice" between August 31, 2008 and September 28, 2009 and/or (d) all natural persons with Michigan addresses to whom any of the defendants sent a "privacy notice" between September 15, 2008 and September 28, 2009.

The Class as defined contains approximately 457,404 individuals, according to Defendants' records.

4.     For purposes of preliminary approval of this Settlement, the Court finds that Plaintiffs have satisfied the requirements of numerosity, commonality, typicality, and adequacy prescribed by Federal Rule of Civil Procedure 23(a), and the Court further finds that common questions of law and fact predominate over any questions affecting only individual members of the Settlement Class and that a class action is superior to other available methods for fairly and efficiently adjudicating the claims against Defendants, as required by Rule 23(b)(3).

5.     The Court appoints Edelman, Combs, Latturner & Goodwin, LLC, as class counsel.

6.     A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on, approximately five months after the date of this order, which hearing is set for *February 23, 2011* at *11:00* a.m.

7.     The Court approves the proposed forms of notice to the class, to be mailed

2

to the last known address of the Class members as shown on Defendants' records.  Defendants will cause notice, including a participation form, through a third party claims administrator (Analytics, Inc.) to be provided to the Class by U.S. Mail. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, Defendants shall forward any such returned notice to the address provided to Defendants within four days of receipt.  Defendants shall mail the Class notices in twelve groups with approximately 40,000 notices going out each Monday and Thursday of each week (the first six mailings to Illinois addresses, the seventh through tenth mailings to Michigan addresses, and the eleventh and twelfth mailings to Connecticut addresses), commencing within 30 days of the date of this Order.  Defendants shall also provide Class Counsel with a list of the names and last known addresses of the Class Members ("Class List") within 30 days of the date of this order.

8.	The Court finds that mailing of the notice and the other measures specified above to locate and notify class members is the only notice required and that such notice satisfies the requirements of due process and FED. R. CIV. P. 23.

9.	Class members shall have approximately forty-five days from the date their notice is mailed to opt out or object to the proposed settlement.  The notice will provide the exact date, based upon the date of mailing.  Any class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the Court and serve a copy on Class Counsel by that date.  Any class members who wish to object to the settlement must submit the objection to the Clerk of the Court.  Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the

Court should find that the proposed settlement is not in the best interests of the Class.  Objectors

who have filed written objections to the settlement may also appear at the hearing and be heard

on the fairness of the settlement.

10.     Class members shall have approximately forty-five days from the date

their notice is mailed to submit a claim form.  The notice will provide the exact date, based upon

the date of mailing.

11.     The parties may file memoranda in support of the Agreement prior to the

fairness hearing.  Any submission must be filed no later than seven days prior to the fairness

hearing.  Defendants shall also file proof of compliance with the notice requirements, of the

Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), on or before the same date.


DATE: _____          ENTERED: _____
                                            Martin C. Ashman
                                            United States Magistrate Judge