# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

# If you received a collection letter from Midland Credit Management that included a "Privacy Notice," you could get money from a class action settlement.

*The case of Miller v. Midland Credit Management, Inc., et. al., No. 08 C 780*
*A federal court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been reached with Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. ("Defendants") in a class action lawsuit about the contents of the "Privacy Notice" sent by Midland Credit Management, Inc. This settlement offers a cash payment to those class members who submit a claim form.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SEND IN A CLAIM FORM** | By sending in the claim form at the end of this notice, postmarked by _____, 2010, you will be entitled to receive a share of the Settlement Fund. |
| **DO NOTHING** | By doing nothing, you will not receive the settlement benefits. You will stay in the settlement and you will give up legal claims against the Defendants. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will keep your right to sue the Defendants. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

**The Court in charge of this case still has to decide whether to grant final approval of the settlement. If it does, and after any appeals are resolved, benefits will be promptly provided to those who submit claim forms.**

## BASIC INFORMATION

1. What is this lawsuit about?

**QUESTIONS? CALL 866-502-6719 TO CONTACT CLASS COUNSEL'S OFFICE**
**18461-ILLINOIS 1**

1

This lawsuit claims that the Defendants violated the Fair Debt Collection Practices Act ("the Law") by sending you a collection letter that contained a separate "Privacy Notice" insert which represented that Defendants may disclose information about you to certain categories of third parties, and by actually sharing such information with third parties, when the Law prohibits such disclosure. Defendants deny that their conduct violated the Law.

You received this notice because you have a right to know about a proposed settlement in the class action lawsuit brought against Defendants.

### 2. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Marcia Miller, William Miller, Charlane Yoways-Dawson, and William Anderson) sue on behalf of a group (or "Class") of people ("Class Members") who have similar claims. The Court ruled that this case should be treated as a class action.

### 3. Why is there a settlement?

This case was filed on February 5, 2008. The Court ruled that this action could proceed on behalf of a class on March 2, 2009 and appointed Edelman, Combs, Latturner, & Goodwin, LLC as class counsel. After the filing of this lawsuit, three other similar cases were filed in Connecticut, Michigan, and Illinois. The parties weighed the risks of settlement against proceeding with each of the cases through trial, and because of these risks, reached a settlement of all four cases. By settling the cases, the parties avoid the cost of trial and potential appeals, and the people in the Class will get compensation.

### 4. How do I know if I am included in settlement?

**If you received this notice in the mail, the Defendants' records indicate that you are a Class member.** The settlement includes anyone who lives in:
- Cook County, Illinois and received a "privacy notice" from Midland Credit Management between February 5, 2007 and February 25, 2008 or between August 28, 2008 and September 28, 2009; or
- Illinois (except Cook County) and received a "privacy notice" from Midland Credit Management between August 28, 2008 and September 28, 2009; or
- Connecticut and received a "privacy notice" from Midland Credit Management between August 28, 2008 and September 28, 2009; or
- Michigan and received a "privacy notice" from Midland Credit Management between September 15, 2008 and September 28, 2009.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 5. What can I get from the settlement?

If you return the claim form at the end of this notice, postmarked by _____, 2010, you will receive an equal share of the Settlement Fund.

The Settlement Fund of $800,000 will be used to pay the Class Members who submit valid and timely claim forms.

There are about 457,404 Class Members.  Class Counsel expects that about 10% of the Class Members will return a claim form to be eligible to receive a share of the $800,000 Settlement Fund, in which case each Class Member would receive about $17.50.  This amount could increase or decrease depending upon the number of Class Members who return a claim form.

### 6. When will I receive these benefits?

You will receive these benefits within 45 days after the settlement has been approved and the time to appeal that approval to a higher court has expired or the appeal has been decided.

### 7. How do I receive these benefits?

You need to return the claim form at the end of this notice to the address provided on the form. It must be postmarked by _____, 2010.

### 8. What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give the Defendants a "release."  A release means you can't sue or be part of any other lawsuit against the Defendants about the claims, issues or allegations in this lawsuit ever again.  Even if you do not return a claim form, you will be a member of the class unless you exclude yourself.

### 9. How much will the Class Representative receive?

Plaintiffs Charlane Yoways-Dawson and William Anderson will each request Court approval for a payment $5,000 for their actual and statutory damages and for their service as Class Representatives. Plaintiffs Marcia K. Miller and William Miller will request Court approval for a payment of $2,500 for their actual and statutory damages and for their service as a Class

Representatives.  These payments are subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your right to sue the Defendants on your own over the claims in this case, then you must take steps to get out.  This is called excluding yourself.

### 10.  How do I get out of the settlement?

To exclude yourself from the settlement, you must mail a letter stating that you want to be excluded from *Miller v. Midland Credit Management, Inc. et al.*, No. 08 C 780 (N.D. Ill.)  Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request so that it is postmarked **no later than _____, 2010,** and sent to the following addresses:

> Miller Settlement EXCLUSIONS
> P.O. Box 2007
> Chanhassen, MN  55317-2007
>
> Edelman, Combs, Latturner & Goodwin, LLC (#18461)
> 120 S. LaSalle Street, Suite 1800
> Chicago, IL 60603.

### 11.  If I exclude myself, can I still receive benefits from this settlement?

If you exclude yourself, you will **not** receive anything from the settlement of this case, but you will have the right to sue the Defendants over the claims raised in this case, either on your own or as a part of a different lawsuit.  If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again.  You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

### 12.  Do I have a lawyer in this case?

The Court has named the law firm of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to hire your own lawyer, he or she must file an appearance by _____, 2010.

**QUESTIONS? CALL 866-502-6719 TO CONTACT CLASS COUNSEL'S OFFICE**   4
**18461-ILLINOIS 1**

### 13. How will the lawyers be paid?

Edelman Combs Latturner & Goodwin, LLC will request Court approval of a payment of attorney's fees and costs of $300,000. Any payment of attorney's fees and costs ordered by the court will be separate from the $800,000 Settlement Fund. The attorney's fees will not reduce any recovery to the Class Members.

### 14. Is this a fair settlement?

Class Counsel believes that this settlement is fair. The claims asserted on behalf of the class against Defendants are under the Fair Debt Collection Practices Act. ("FDCPA")  The FDCPA is a federal statute which provides for both individual actions and class actions.

In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.  (Plaintiffs' complaint did not allege actual damages.)  In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendants' net worth or $500,000. In this case, the Defendants have stipulated that the $500,000 maximum applies.  The Court, in its discretion, may award anything up to the maximum amount to a prevailing party.  Because this settlement includes four cases, the Settlement Fund exceeds the $500,000 maximum.  In either an individual or class action, the person bringing the suit can also recover attorney's fees and the expenses of prosecuting the suit, if it is successful.

In this case, a Settlement Fund will be created which designates $800,000 to provide recovery to the Class Members.

### 15. What is the Defendants' view of this settlement?

As stated above, Defendants expressly deny the claims asserted by the Class Representatives and the Class and deny all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 16. How do I tell the Court that I don't like the Settlement?

If you're a Class Member, you can object to the settlement.  In order to object to the settlement or any part of the settlement, you must mail a letter (or legal brief) stating that you object and say why you think the Court should not approve the settlement.  You must include the name and

number of the case (*Miller v. Midland Credit Management, Inc. et al.*, No. 08 C 780), your name, address, telephone number and your signature.  You may object to the settlement only if you remain a Class Member and do not opt out.  If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 17).

You must mail your objection so that it is postmarked no later than _____, 2010 to the following addresses:

Clerk of the Court
United States District Court for the Northern District of Illinois
219 S. Dearborn Street, Chicago, IL 60604

Edelman, Combs, Latturner & Goodwin, LLC (#18461)
120 S. LaSalle Street, Suite 1800,
Chicago, IL 60603

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend if you wish, but you are not required to do so.

### 17.  Where and when is the fairness hearing?

The Court will hold a fairness hearing on February 23, 2011 at 11:00 a.m. in the courtroom of Magistrate Judge Martin C. Ashman, Room 1801 of the Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604.  At the hearing the Court will determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and decide the appropriate amount of fees and costs for the Class Counsel.  The Court will also hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice. You are not required to come to the fairness hearing.

## GETTING MORE INFORMATION

### 18.  How do I get more information?

You can call Edelman, Combs, Latturner & Goodwin, LLC, the firm representing the class, at 866-502-6719, if you have any questions.  Before doing so, please read this full notice carefully.  You can also send an email to: info@edcombs.com or obtain information through its website at www.edcombs.com.

All papers filed in this case, including the full Settlement Agreement, are available for you to

inspect and copy (at your cost) at the office of the Clerk of the Court, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen Building, 20th Floor, 219 South Dearborn Street, Chicago, Illinois 60604, during regular business hours.

### 19. What if I have a new address?

If this Notice was forwarded to you, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to:

Miller Settlement Administrator<br>
P.O. Box 2007<br>
Chanhassen, MN  55317-2007

✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂✂

## CLAIM FORM

**RE**:  **Miller v. Midland Credit Management, No. 08 C 780**

**IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____, 2010 AND MAILED TO THE FOLLOWING ADDRESS:**

Miller Settlement Administrator
P.O. Box 2007
Chanhassen, MN  55317-2007

Please LEGIBLY PRINT the following information:

**NAME:**  _____

**ADDRESS:**  _____

**CITY:**  _____

**STATE:**  _____

**ZIP CODE:**  _____

IF YOU USED A NAME OTHER THAN THAT LISTED ABOVE WITHIN THE PAST THREE YEARS, TO WHICH YOUR LETTER(S) FROM DEFENDANTS MAY HAVE BEEN ADDRESSED, PRINT THAT NAME HERE:

 _____

**PLEASE WRITE LEGIBLY.  IF WE CANNOT READ THE ABOVE INFORMATION, WE CANNOT PROCESS YOUR CLAIM**

_____
(YOUR SIGNATURE)

CHICAGO\2409900.1
ID\RLZ

8

QUESTIONS?  CALL 866-502-6719 TO CONTACT CLASS COUNSEL'S OFFICE.